Filed 9/6/22  P. v. Calderon CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095410 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE012653) |
| v. | |
| JOSHUA CALDERON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joshua Calderon asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## BACKGROUND

Charged with 14 counts of sexually abusing a child, defendant negotiated a plea agreement in which he would plead guilty to two counts of sexual intercourse or sodomy

1

with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a))[1] and one count of a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (b)(1)). In exchange, defendant would receive 50 years to life in prison—consecutive 25-year terms for the first two offenses—plus a consecutive 10 years for the third offense. Defendant pleaded guilty to those charges and waived his appellate rights.

Before sentencing, however, defendant sought to withdraw his plea based on trial counsel's performance. In a closed hearing, defendant indicated he felt that, compared with his previous attorney, trial counsel was insufficiently zealous and failed to provide straightforward answers.

Advisory counsel appointed by the court for purposes of the hearing stated he could not find a legal basis for withdrawing defendant's plea.

The court informed defendant it was willing to replace trial counsel with advisory counsel. However, if defendant wished to proceed with withdrawing his plea, he would have to do so by hiring his own lawyer or by filing his own motion. "I'm not gonna keep appointing lawyers," the court stated. Defendant opted to have advisory counsel appointed for all purposes and to abide by his plea deal.

The trial court then sentenced defendant to the stipulated term of 50 years to life, plus 10 years. The court also imposed a $300 restitution fine, a stayed $300 parole revocation fine, a $120 court operations assessment, and a $90 criminal conviction assessment. Defendant received 558 days' credit for time served.

Defendant timely appealed but did not obtain a certificate of probable cause. We granted defendant's motion to construe his appeal to include that the appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief contending that his stipulated sentence—which falls within the statutorily prescribed range—constitutes cruel and unusual punishment because the evidence against him consisted solely of testimony and he had no prior criminal history. Although neither assertion, if true, would violate the Eighth Amendment, defendant's contention goes to the validity of his plea and thus is not cognizable absent a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b); § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 73.)

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/_____
HOCH, J.


We concur:



/s/_____
MAURO, Acting P. J.



/s/_____
DUARTE, J.


3